45536.   McGILL v. THE STATE.

ARGUED SEPTEMBER 15, 1970—DECIDED NOVEMBER 18, 1970—
REHEARING DENIED NOVEMBER 30, 1970.

*W. Rhett Tanner,* for appellant.
*Lewis R. Slaton, District Attorney, Carter Goode, Stephen A. Land, Tony H. Hight,* for appellee.

EVANS, Judge. ■ The defendant was tried on two separate indictments for different crimes. The Supreme Court had jurisdiction for review of his conviction and sentence for the crime of rape. The ruling in that case is controlling here on his complaint that he was tried without consent. There is no merit in the enumeration of error complaining of the consolidation of the indictments.

■ He was convicted on two counts of simple battery, each count naming a different victim. He appeals to this court from the judgment and sentence which is within the jurisdiction of this court as his motion for new trial was overruled and denied.

The pertinent language of the indictment in each count is: "did unlawfully and intentionally cause physical harm to [woman's name] by striking her with his hands and fists. . ." The issue is narrowed down to whether or not the evidence showed that he committed the offense in the exact way alleged in the indictment, to wit: "by striking her with his hands and fists."

As to the victim in Count 1, she testified that defendant grabbed her as she got her right foot outside the car, had his arm around her neck choking her, and started pulling her hair and put his foot on top of her left foot to hold her in the car "and some way I got a cut on my head and a knot, and my nose was hit." *To strike* is to touch, whether lightly or forcibly. I cannot conceive of hair being pulled except by the use of the hands. Also, in choking a person with the use of his arm, it would be almost impossible for the hand not to come in contact with the body of the person choked. Further, if he had one arm around her neck, he must have used his other hand to pull her hair. The evidence is clear that no other person than the defendant inflicted whatever injuries this victim received, although, on cross examination, she admitted that during her struggle she did not know exactly how the injuries were inflicted. The defense seems to be that, because the victim herself could not swear positively that the defendant struck her with his hands and fists, the State's case must fall. Not so. It is not necessary that each and every fact essential to a conviction be testified to by the victim or by any other witness. Circumstantial evidence and inferences may arise from the facts testified to which point directly toward a specific finding.

In *Brown v. Matthews,* 79 Ga. 1 (2) it was held: ". . . it is not

necessary that the evidence should shine upon it with a clear light. It is enough if glimpses of it be afforded by the evidence. Truth is often dim, but is truth nevertheless. *Frequently amongst the facts best proved is one which no witness has mentioned in his testimony, such fact being an inference from other facts."* (Emphasis supplied.) This authority has been approved time and again by the appellate courts of Georgia. Further, *Code* § 38-102 provides in pertinent part: "Presumptive evidence consists of inferences drawn by human experience from the connection of cause and effect, and observations of human conduct."

Further, *Code* § 38-109 provides: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."

Thus the jury correctly concluded from the sworn testimony and the physical facts in existence, including the defendant's grabbing the victim as she got out of the car and struggling with her, during which she received a *cut on the head, "and a knot, and my nose was hit"* that same was inflicted by the defendant, regardless of the fact that the victim herself could not positively so testify. How else did she get the knot on her head and get her nose hit and the cut on her head? As the jury was authorized to draw inferences from their human experience from the connection of cause and effect and observation of human conduct, naturally they knew that the striking of this woman upon her head with a man's fist could produce a knot, and could cause her to be hit on the nose, and her own lack of knowledge in no way causes the State's case to fall. Suppose, for instance, she had fainted when the defendant approached her, but it was shown that only he struggled with her and after she became conscious again she had cuts and knots on her, could it be argued that some witness must come forth to swear that he saw the defendant inflict same upon her when he was the only person who struggled with her? We hardly think so. After the verdict is approved by the trial judge, the evidence will be construed most favorably toward supporting and upholding the verdict. See *Boatright v. Rich's, Inc.,* 121 Ga. App. 121 (1) (173 SE2d 232) and citations.

As to the second count, the other victim's testimony was that

the accused grabbed her by the arm, was holding a knife in the other hand, and was holding her by the arm and when he let go of her arm and put his arm around her neck, she ducked and ran, escaping from the accused. She also testified: "when he first grabbed me he grabbed me on the left breast. . . then I jerked away from him and he grabbed me on the arm." It is true that the victim tesified that "*after* grabbing her and removing his hand he did not strike her in any other way." But, the act of grabbing her by the left breast and by her arm is sufficient proof of "striking her with his hands. . ."

Webster's New International Dictionary defines "grab" as: "to take hold of by a sudden motion or grasp; to seize; clutch; hence, to appropriate to one's self unscrupulously; to grasp suddenly; to snatch; a sudden grasp or attempt to grasp; one who grabs, as a body-snatcher." The same dictionary defines the word "strike" as: "To touch or hit with some force either with the hand or with an instrument; to inflict; assail; attack." Thus, the act of grabbing her by the left breast and by her arm sufficiently proves "striking her with his hands."

It is also noted that the court was careful to protect the interest of the accused, since he dismissed the charge of simply battery as to the other count when it was not proven that he touched the intended victim. It is indeed too strained a construction of the evidence to say it was insufficient to support the verdict of guilty.

*Judgment affirmed. Deen, J., concurs. Hall, P. J., concurs in the judgment.*