A00A1081. DAVIS v. THE STATE.
(536 SE2d 603)

BLACKBURN, Presiding Judge.

Following a jury trial, Charles Clinton Davis appeals his convictions for criminal trespass, burglary, and aggravated stalking, contending that: (1) the evidence was insufficient to support the charge of aggravated stalking; (2) the State failed to provide proper notice of its intent to present evidence of prior convictions to receive recidivist sentencing pursuant to OCGA §§ 17-10-2 and 17-10-7; and (3) the trial court erred by requiring him to appear in front of the jury in an orange prison uniform. For the reasons set forth below, we affirm.

1. Although Davis does not contest the sufficiency of the evidence to support his convictions for criminal trespass and burglary, he does take issue with his conviction for aggravated stalking.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Davis] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The jury's verdict must be upheld if any rational trier of fact could have

found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Kovacs v. State*, 227 Ga. App. 870 (1) (490 SE2d 539) (1997). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewing the evidence in this light, the record shows that Davis criminally trespassed on the property of his ex-wife on April 30, 1998 and May 30, 1998. In June 1998, Davis' ex-wife took her case to magistrate court, and the magistrate judge issued a bond to keep the peace against Davis. As a special condition, Davis was required to stay completely away from his ex-wife and son.

Thereafter, on September 9, 1998, Davis went to his ex-wife's home while she was away at work and helped his son do some repair work on his car. Davis left that afternoon but returned in the middle of the night. He knocked on his ex-wife's door, and, because she thought it was her son, Davis' ex-wife answered. Davis then pushed his way into the residence, and, when he was asked to leave, he became belligerent. Davis broke a broom, and he absconded with some of his ex-wife's beauty supplies. Davis was arrested for aggravated stalking later that evening.

OCGA § 16-5-91 (a) provides:

A person commits the offense of aggravated stalking when such person, in violation of a bond to keep the peace posted pursuant to [OCGA §] 17-6-110, temporary restraining order, temporary protective order, permanent restraining order, permanent protective order, preliminary injunction, or permanent injunction or condition of pretrial release, condition of probation, or condition of parole in effect prohibiting the behavior described in this subsection, follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person.

The evidence was sufficient to support Davis' conviction. See *Jackson*, supra.

Davis, nevertheless, argues that he should not have been convicted of aggravated stalking because the State failed to prove that he received notice of the special condition of his bond requiring him to stay away from his ex-wife and his son. At trial, however, Davis' bond, with his name written on it, was introduced into evidence. Furthermore, the judge who issued the bond testified that it was his custom to go over special conditions with the defendant and that the bond was served on Davis. As such, the record does not support

Davis' argument that he never received notice of the bond, and his conviction for aggravated stalking must stand.

2. Davis contends that his case should be remanded for resentencing because the State failed to provide him with sufficient notice that it intended to use his prior convictions to pursue recidivist punishment pursuant to OCGA §§ 17-10-2 and 17-10-7. In this case, Davis received notice of the State's intention the day before his trial began. "This Court has previously held that notice received prior to the jury's being sworn is sufficient to satisfy the requirement of the statute." *Jenkins v. State*, 235 Ga. App. 547, 549 (3) (a) (510 SE2d 87) (1998) (notice given 80 minutes before start of trial sufficient). Therefore, the notice given to Davis was sufficient.

> [Davis] argues, however, that the notice did not allow his trial counsel sufficient time to prepare for the presentence hearing. The failure to move for a continuance precludes appellant from asserting that his counsel was not afforded an ample opportunity to investigate the admissibility of . . . prior conviction[s] as evidence in aggravation of the sentence imposed in this case.

(Punctuation omitted.) *Jenkins*, supra.

3. Finally, Davis contends that the trial court improperly forced him to appear in front of potential jurors during the jury selection process in his prison uniform, arguing that it unduly biased the jury's opinion of him. Davis, however, made no motions or objections with regard to this matter. *Slade v. State*, 267 Ga. 868, 869-870 (3) (485 SE2d 726) (1997). Moreover, there is an indication in the record that Davis remained in his prison uniform because he refused to change. Accordingly, Davis has waived his right to raise this complaint on appeal.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED JUNE 29, 2000.

*Ham, Jenkins & Wangerin, Kevin A. Wangerin*, for appellant.
*Richard G. Milam, District Attorney, Mark S. Daniel, Assistant District Attorney*, for appellee.