## S00A0859. HILL v. THE STATE.

(537 SE2d 75)

FLETCHER, Presiding Justice.

Cedric Hill was convicted of malice murder, two counts of felony murder, aggravated assault, and possession of a firearm by a convicted felon in the shooting death of Orlando Theney.[1] On appeal Hill maintains that his trial counsel was ineffective. Because Hill has failed to demonstrate that trial counsel's performance was deficient or his defense was prejudiced, we affirm Hill's convictions.

1. The evidence presented at trial shows that Hill and Theney argued after Theney gave Hill's girlfriend illegal drugs for safekeeping while Theney went to buy additional drugs. Eyewitnesses testified that Theney threatened to "whop" and "bust" Hill, but did not strike him. Hill walked toward his car, returned, pulled a pistol from his clothing, and began firing. As Theney ran, Hill shot him in the back. Hill fled the scene and was not apprehended until six weeks later. A nine-millimeter bullet and two spent cartridges were retrieved from the crime scene. Hill's weapon, identified as a nine-millimeter pistol, was never recovered.

Testifying in his defense, Hill maintained that he shot Theney in self-defense because he believed that Theney was getting a gun when he reached into his car. No witness saw Theney with a gun, no weapon was found on him, and none of the state's eyewitnesses saw Theney walk toward his car. The medical examiner testified that Theney died from the gunshot wound in his back. Reviewing the evidence in the light most favorable to the jury's determination of guilt,

---

[1] The crimes occurred on July 26, 1996, and Hill was indicted in August 1997. A jury found him guilty on September 3, 1997. The trial court entered judgment on the conviction for malice murder, vacated the felony murder and aggravated assault convictions by operation of law, and sentenced Hill to life imprisonment on the murder conviction with a consecutive sentence of five years for the firearm possession conviction. Hill filed a motion for new trial on September 10, 1997, which the trial court denied on November 16, 1999. Hill filed his notice of appeal on December 16, 1999, and the case was submitted to this Court for decision without oral argument on April 10, 2000.

we conclude that a rational trier of fact could have found Hill guilty of each crime charged beyond a reasonable doubt.[2]

2. To establish ineffective assistance of counsel, Hill must demonstrate both that his trial counsel's performance was deficient and that this deficiency so prejudiced his defense as to deprive him of a fair trial.[3] The test to determine whether an attorney rendered reasonable professional assistance is whether a reasonable lawyer "could have acted, in the [same] circumstances, as defense counsel acted at trial."[4] Strategic decisions made by counsel after investigation will rarely support a claim for ineffective assistance.[5]

Hill alleges that his trial counsel was ineffective because she did not object to the state's reference to Hill as a "drug dealer" in opening statement and refused to stipulate that Hill was a convicted felon without reference to the underlying drug conviction. At the motion for new trial, trial counsel testified that the trial court had denied her request that the possession charge be bifurcated from the murder charges, it was apparent that evidence of Hill's previous felony conviction for a drug offense would be presented to the jury, and she did not wish the jury to think that Hill had anything to hide. She further testified that she did not wish to enter into the proposed stipulation because she feared the jury might speculate that Hill had been convicted of a violent felony such as murder or aggravated assault, rather than a non-violent drug offense. Hill has not shown that these strategic decisions demonstrated a lack of reasonable professional assistance or prejudiced his defense.

Similarly, Hill fails to demonstrate that trial counsel was ineffective based on the fact that she had never before tried a murder case or failed to properly interview or subpoena witnesses. To the contrary, trial counsel testified that she had served as a state prosecutor in New Jersey for four years and tried more than 100 felony and misdemeanor cases. Further, the record shows that she investigated Hill's case and vigorously defended him at trial.[6] At the evidentiary hearing on his ineffective assistance claim, Hill made a skeletal proffer about what the witnesses would have testified who would have testified concerning Theney's prior acts of violence towards third parties or his use of cocaine prior to the shooting. The trial court properly concluded that the proffered testimony would not have changed the outcome of the case even when viewed in the best light

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

[4] *Jefferson v. Zant*, 263 Ga. 316, 318 (431 SE2d 110) (1993), quoting *White v. Singletary*, 972 F2d 1218, 1220-1221 (11th Cir. 1992).

[5] *Strickland v. Washington*, 466 U. S. at 687.

[6] *Stephens v. State*, 265 Ga. 120, 121 (453 SE2d 443) (1995) (lack of experience, standing alone, is insufficient to demonstrate ineffective assistance).

for the defendant.

3. Hill argues that the trial court erred in refusing to allow him to testify concerning Theney's prior violent acts against third parties, maintaining that his testimony was relevant to his state of mind at the time of the shooting. To the extent that Hill's complaint is that he should have been permitted to testify to Theney's reputation for violence, the testimony was inadmissible since there was no evidence that Theney was the aggressor or assaulted Hill.[7] Further, Hill's hearsay testimony was not competent to establish evidence of Theney's prior violent acts[8] or authorized under *Owens v. State*,[9] which dealt with the victim's prior acts toward the defendant.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 2, 2000.

*Johnson & Associates, Theodore Johnson*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, C. Michael Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, H. Maddox Kilgore, Assistant Attorney General*, for appellee.

---

[7] *Woods v. State*, 269 Ga. 60, 63 (495 SE2d 282) (1998).

[8] *Grano v. State*, 265 Ga. 346, 347 (455 SE2d 582) (1995).

[9] 270 Ga. 199 (509 SE2d 905) (1998).