## S04A1529. MORRISON v. THE STATE.

(607 SE2d 577)

HUNSTEIN, Justice.

Don Carlos Morrison was convicted of three counts of felony murder, two counts of aggravated assault and two counts of possession of a firearm arising from the shooting death of Eric Harris and the aggravated assault of Vernard Glass. He appeals from the partial denial of his motion for new trial.[1] Because appellant received effective assistance of counsel and his remaining enumerations of error present no ground for reversal, we affirm.

1. The evidence adduced at trial authorized the jury to find that on July 25, 2000, appellant was drinking and gambling with approximately 10-20 other people, including the victims Glass and Harris. Glass made some remarks to appellant during a game of craps that angered appellant. Appellant and Glass argued and appellant pulled out a .357 caliber handgun and fired at Glass as he was going out the back door. The shot missed Glass and struck Harris who was standing nearby. The bullet entered Harris's left leg and severed the femoral artery and then entered and lodged in the right leg. Harris died a short time later from his injuries. Appellant fled the scene, sold his gun and was arrested three weeks later by the City of Atlanta Fugitive Squad. In his statement to police, appellant admitted firing a weapon in self-defense after Glass pointed a gun at him, but claimed that he did not intend to shoot Harris. The evidence was conflicting as to whether Glass was in possession of a gun at the time and whether Glass reached for a gun during the argument.

Reviewing the evidence in a light most favorable to a jury's determination of guilt, we conclude that a rational trier of fact could have found appellant guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Because the trial court vacated judgment on the guilty verdict on the felony murder count of the indictment that serves as the basis for the alleged improper sequential charge in violation of *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992), this enumeration is moot.[2]

---

[1] The crimes occurred on July 25, 2000. Morrison was indicted on September 21, 2001 in Fulton County. Following a bifurcated trial Morrison was found not guilty of malice murder and guilty on the remaining charges. On motion for new trial, the trial court vacated the life sentence for the Count 2 felony murder predicated on aggravated assault and sentenced Morrison to life imprisonment on the Count 4 felony murder based on possession of a firearm by a convicted felon. The court thereafter amended the sentence to provide that the five-year terms for the Counts 7 and 8 firearms possession charges would run concurrent with each other and consecutive to the life sentence. A notice of appeal was timely filed. This appeal was docketed May 14, 2004 and was submitted for decision on the briefs.

[2] After vacating the original sentence, on motion for new trial the trial court properly

*Braley v. State*, 276 Ga. 47 (2) (572 SE2d 583) (2002); *Laney v. State*, 271 Ga. 194 (2) (515 SE2d 610) (1999).

3. In his final enumeration of error, appellant contends that trial counsel rendered ineffective representation when during the second portion of the bifurcated trial he failed to object to the introduction of appellant's prior felony conviction. At the motion for new trial, counsel testified that before trial commenced he confirmed the validity of the prior felony conviction. He stated that he decided not to interpose an objection when the State introduced the documentation showing the prior conviction because he had no basis upon which to contest the validity of the evidence and reasoned that the court would not have sustained the objection. Ineffective assistance of counsel is established pursuant to *Strickland v. Washington*, 466 U. S. 688 (104 SC 2052, 80 LE2d 674) (1984), when it is demonstrated that trial counsel's performance was deficient and that the deficient performance so prejudiced the client as to deprive him of a fair trial. The test to determine whether an attorney rendered reasonable professional assistance is whether a reasonable lawyer could have acted in the same manner as defense counsel acted at trial. *Hill v. State*, 272 Ga. 805 (2) (537 SE2d 75) (2000). Under the circumstances, we hold that trial counsel's explanation for his strategic decision not to object fell within the range of reasonable and professional assistance and thus appellant was not denied effective assistance of counsel. *Welbon v. State*, 278 Ga. 312 (2) (602 SE2d 610) (2004); *Kilpatrick v. State*, 276 Ga. 151 (2) (575 SE2d 478) (2003).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 10, 2005.

*Thomas S. Robinson III*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.

---

imposed sentence only on the remaining counts of felony murder predicated on the underlying felony of possession of a firearm by a convicted felon and possession of a firearm during the commission of a felony.