S05A2003. STINCHCOMB v. THE STATE.
(626 SE2d 88)

MELTON, Justice.

Following his conviction by a jury for felony murder and aggravated assault,[1] Mario Stinchcomb appeals, contending among other

---

[1] Stinchcomb was indicted on February 4, 2003 for the crimes of malice murder, felony murder, and aggravated assault with a deadly weapon. Stinchcomb was convicted of felony

things that the evidence was insufficient to support the verdict. For the reasons set forth below, we affirm.

1. Viewed in the light most favorable to the verdict, the record shows that Jakesha Young was working as a prostitute in Fulton County. On November 6, 2002, she was called to a second-floor apartment by Stinchcomb. Michael Woolfolk,[2] Max Stevens, and Randy Harris were also at the apartment. Shortly after Young arrived, she and Stinchcomb began to argue over the value of her services. Thereafter, Stinchcomb refused Young's request for money, and instructed her to leave. Angered, Young left the apartment and retrieved a gun from her car[3] as Stinchcomb and Harris watched from the outside stairwell. Young then fired a shot in the air above the onlookers' heads. At that moment, Stinchcomb ran back to the upstairs apartment to get his gun. During this time, Young got into her car and began to drive away. When Stinchcomb reentered the apartment, he and Woolfolk began firing their guns at Young from the window. Woolfolk fired once before his gun jammed, and Stinchcomb fired three times. A bullet from Woolfolk's gun hit Young in the head and killed her while she was seated inside the car.

This evidence was sufficient to support the jury's verdict against Stinchcomb for felony murder and aggravated assault, and, as such, the trial court did not err by denying Stinchcomb's motion for a directed verdict of acquittal. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Davis v. State*, 261 Ga. 255 (1) (403 SE2d 813) (1991).

Nonetheless, Stinchcomb contends that he could not be guilty of felony murder as a party to Woolfolk's crime of aggravated assault against Young, as he did not directly cause Young's death and there was no evidence that he acted in concert with or encouraged Woolfolk. The evidence, viewed in the light most favorable to the verdict, shows otherwise. Woolfolk and Stinchcomb were seen firing at Young at the same time from the same window, clearly with the same goal in mind. Based on the unique facts of this case, the jury was authorized to find that Stinchcomb and Woolfolk were acting in concert to shoot Young, and, due to the nature of their actions, each was encouraging the other to do so. See *Smith v. State*, 267 Ga. 372, 375 (5) (477 SE2d 827) (1996) (defendant involved in gunfight guilty of felony murder of

---

murder and aggravated assault with a deadly weapon on April 16, 2004, and he was sentenced to life imprisonment. Stinchcomb's motion for new trial was denied on March 4, 2005, and his notice of appeal was timely filed on March 25, 2005. His appeal, docketed in this court on August 16, 2005, was orally argued.

[2] Stinchcomb and Woolfolk were tried as co-defendants. Woolfolk was charged with malice murder, felony murder, aggravated assault with a deadly weapon, and aggravated assault on a police officer.

[3] Jamario Ford was driving the car.

innocent bystander killed by bullet of other participant of gunfight). Therefore, Stinchcomb was, in fact, a party to the crime of Woolfolk's murdering Young during the commission of aggravated assault, irrespective of his contention that he had not reached a prior verbal agreement with Woolfolk to commit the crime.

Stinchcomb also argues that his conviction was unwarranted because he was justified in shooting Young. At the time that she was fatally shot, however, Young was already in her car attempting to leave the scene. Therefore, by the time that Woolfolk and Stinchcomb began shooting, there was no longer an imminent threat to them justifying the use of deadly force, and the jury did not err by rejecting Stinchcomb's arguments that his actions were justified pursuant to the doctrine of self-defense. *Broussard v. State*, 276 Ga. 216 (2) (576 SE2d 883) (2003).

2. Stinchcomb contends that the trial court erred by mistakenly stating to the jury pool that "the fact that the grand jury has returned an indictment is an implication of guilt." Viewed as a whole, the record makes it clear that the trial court's statement was merely a slip of the tongue, made prior to the time that the jury was picked.

As an initial matter, Stinchcomb has waived his right to raise this contention on appeal, as he did not object to the trial court's misstatement in the proceedings below. Moreover, even if he had preserved his argument, he has failed to show that he was harmed, as the trial court properly instructed the jury both before any evidence was received in the case and again in its final charge, thereby making any confusion regarding the nature of the indictment highly unlikely. *Perry v. State*, 276 Ga. 836, 837-838 (2) (585 SE2d 614) (2003). The trial court properly charged the jury regarding the nature of the indictment both before and after its mistake. Most importantly, the trial court clearly and properly instructed the jury regarding the indictment in its initial charge to the jury after it had been picked and before any evidence was presented in the case. Later, in its final instructions to the jury prior to deliberations, the trial court once again gave a proper instruction, explaining to the jury that the indictment should not be considered as evidence or an implication of guilt. In addition, the trial court instructed the jury that none of its comments during the trial were intended to express any opinion on the guilt or innocence of the defendant.

3. Stinchcomb further argues that the trial court erred by failing to clarify in its instructions to the jury that the charges and defenses relating to each co-defendant being tried were different. Stinchcomb, however, has failed to show that he ever requested an instruction regarding the issue he now raises, and he has also failed to provide any recitation of the charge which he now claims should have been given to the jury. In the absence of a specific request to charge, it is not

error for the trial court to not give a charge. *Williams v. State*, 262 Ga. 422, 423 (420 SE2d 301) (1992). Moreover, the record shows that the trial court explicitly charged the jury to consider the guilt of each defendant separately. In addition, the trial court properly instructed the jury regarding burden of proof, mere presence, justification, retreat, and party to a crime, and there is no evidence of any kind indicating that the jury may have been confused in reaching its ultimate verdict.

4. Stinchcomb contends that the trial court improperly instructed the jury regarding the law of being a party to a crime. Although Stinchcomb concedes that he neither objected to the charge nor reserved objections, he argues that the charge was harmful as a matter of law. Despite Stinchcomb's arguments, the trial court properly charged the jury that a defendant is liable for a criminal act if he "participated in the criminal endeavor or helps in the crime." This language tracks the pattern jury instruction on mere presence. In addition, the trial court's charge on party to a crime tracked the applicable pattern jury instruction. Furthermore, the portions of the charge Stinchcomb now contends are erroneous contain language he presented to the trial court in his requests to charge. A party cannot complain about errors he helped induce. *Victorine v. State*, 264 Ga. 580, 581 (4) (a) (449 SE2d 91) (1994).

5. Finally, Stinchcomb contends that he received ineffective assistance of counsel, arguing that his trial counsel: (a) failed to object when the trial judge misstated that an indictment carries an implication of guilt and (b) failed to request a proper charge on justification.

> Ineffective assistance of counsel is established pursuant to *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), when it is demonstrated that trial counsel's performance was deficient and that the deficient performance so prejudiced the client as to deprive him of a fair trial. The test to determine whether an attorney rendered reasonable professional assistance is whether a reasonable lawyer could have acted in the same manner as defense counsel acted at trial. *Hill v. State*, 272 Ga. 805 (2) (537 SE2d 75) (2000).

*Morrison v. State*, 278 Ga. 808, 809 (3) (607 SE2d 577) (2005).

With regard to Stinchcomb's claim that his trial counsel should have objected or requested a mistrial after the trial court stated that the indictment was an implication of guilt, as discussed above, Stinchcomb cannot show that he was harmed by this slip of the tongue. With regard to Stinchcomb's claim that his attorney failed to

174

request a jury charge on justification in accordance with OCGA § 16-3-20 (6), the trial court's charge was proper as given, and the justification charge now espoused by Stinchcomb was not adjusted to the evidence of the case. In addition, Stinchcomb has failed to show harm with regard to this contention. Therefore, his trial counsel did not render ineffective assistance by failing to request a charge which was not adjusted to the facts of the case.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 30, 2006.

*Charles H. Frier*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General*, for appellee.