## A09A1514. BROWN v. THE STATE.
### (683 SE2d 874)

JOHNSON, Presiding Judge.

A jury found Reginald Cortez Brown guilty of three counts of aggravated assault and one count of kidnapping and not guilty of an additional count of aggravated assault and two additional counts of kidnapping. Brown appeals, claiming that the trial court erred in (i) denying his motion for a directed verdict as to one of the aggravated assault counts, (ii) improperly responding to a jury question, (iii) finding that he received effective assistance of counsel, and (iv) sentencing him to twenty years imprisonment on each count. We find no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys the presumption of innocence.[1] Moreover, we do not weigh the evidence or consider witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

So viewed, the evidence shows that at approximately 8:30 p.m. on October 3, 2006, Kurnollion Butler, Bashona Mapp, and Rosa Davis, who were employees at a Family Dollar store in East Point, drove to a nearby bank after closing the store for the evening. Butler, who was the manager of the store, got out of her car and was walking toward the bank's ATM to make a withdrawal when she was approached by Brown. Brown pointed a gun at Butler's head and demanded that she give him "the deposit." Butler understood Brown to be asking for the store's money, and she told him that the money remained at the store because she made deposits in the mornings. Brown then demanded that they return to the store in Butler's car to get the money.

As Butler and Brown entered the car, Mapp attempted to flee from the scene. Brown pointed the gun at Mapp, and told her that he would shoot her if she did not get back in the car. Brown demanded that the women throw their cell phones in the back of the car, and he drove Butler, Mapp, and Davis back to the Family Dollar store.

---

[1] *Winfrey v. State*, 286 Ga. App. 450, 450-451 (1) (649 SE2d 561) (2007).

[2] Id.

Brown told the women that he would give them some of the money if they cooperated, and Butler told him that she would help him. When they arrived at the store, Brown told Butler to get the money and then come right back to the car, but as soon as Butler entered the store, she locked the door and called the police.

After Butler did not return to the car for several minutes, Brown began driving away from the store in Butler's car; but shortly thereafter, he stopped the car and fled on foot. Approximately two hours later, Brown was apprehended by the police when he returned to the bank to retrieve his vehicle. At trial, Brown's defense was that Butler, Mapp, and Davis were each co-conspirators with him in a scheme to steal money from the Family Dollar store, and that he could not have been convicted of kidnapping or assaulting the women because they were participants in the attempted theft.

1. Brown first claims that the trial court erred in denying his motion for a directed verdict as to the charge that he committed an aggravated assault against Davis, which was Count 5 of the indictment. However, pretermitting whether the trial court erred in denying Brown's motion for a directed verdict, the jury found Brown not guilty of Count 5. The acquittal rendered moot Brown's motion for a directed verdict, and any error in the failure to grant the motion was therefore harmless.[3]

2. Brown also alleges that the trial court erred in improperly responding to a question from the jury. At some point during its deliberations, the jury sent a note to the trial judge asking, "[i]f you think one of the victims was involved with the inciden[t,] does that negate one or more of the charges against the defendant relating to that victim[?]" The trial court responded with the answer, "Yes."

In order to provide for the administration of justice in an orderly and efficient manner, trial courts are required

> to have jurors' communications submitted to the court in writing; to mark the written communication as a court exhibit in the presence of counsel; to afford counsel a full opportunity to suggest an appropriate response; and to make counsel aware of the substance of the trial court's intended response in order that counsel may seek whatever modifications counsel deems appropriate before the jury is exposed to the instruction.[4]

While Brown alleges that his counsel was not timely informed of

---

[3] *Jones v. State*, 233 Ga. App. 291, 292 (2) (503 SE2d 902) (1998).

[4] *Lowery v. State*, 282 Ga. 68, 76 (4) (b) (ii) (646 SE2d 67) (2007).

the jurors' communication, his assertion is not supported by the record. Brown's trial counsel acknowledged at the motion for new trial hearing that the transcript revealed he had been "very much aware of the note," even though the trial transcript did not indicate when the note was received or answered by the trial court. Moreover, while Brown's trial counsel did not specifically remember the note or whether the trial court asked if he wanted to add anything to the response, he testified that the note would have made him "ecstatic" and that he would have wanted the answer from the court to be "Yes" because that response "fit[ ] right into my theory of the case." Given that trial counsel was aware of the communication with the jurors and did not object to it prior to the return of the verdict, Brown's challenges to the timing and content of the trial court's response were not preserved for appeal.[5]

3. Brown also claims that he received ineffective assistance of counsel because his trial counsel failed to "obtain testimony from one of the state's witnesses that would have shown [that Brown] was in a relationship with a female employee at the Family Dollar." To prevail on his claim of ineffectiveness, Brown was required to show that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[6] There is a strong presumption that counsel's conduct fell within the broad range of professional conduct,[7] and a trial court's ruling that counsel's performance was not deficient and that Brown failed to show a reasonable probability that the result would have been different but for the alleged errors must be upheld unless those findings are erroneous.[8]

Here, the state called Charvis Ballard, who was a friend of Brown, to testify that Brown came to his residence at approximately 11:00 on the night of the incident and asked him for a ride to his car, which he had left near the bank. Ballard testified that after he dropped off Brown, he saw several police cars follow Brown in his car.

At the hearing on Brown's motion for new trial, Ballard also testified that Brown had previously "told [him] about one of the [women] up at the [Family Dollar], and I took him by there several times to go see her." Ballard claimed that these visits occurred the summer before the incident, but he said he never saw the employee Brown mentioned.

Despite Brown's claim on appeal that Ballard's testimony regarding one of the female employees at the Family Dollar would have

---

[5] See *Fuller v. State*, 277 Ga. 505, 506-507 (2) (591 SE2d 782) (2004) (defendant waived right to be present by failure to object).

[6] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[7] *Roberts v. State*, 263 Ga. 807, 808 (2) (439 SE2d 911) (1994).

[8] *Harris v. State*, 268 Ga. 412, 412-413 (490 SE2d 96) (1997).

supported his defense that Butler, Mapp, and Davis were his co-conspirators, the evidence showed that Brown did not inform his trial counsel that Ballard had any information regarding his prior knowledge of the victims.[9] Moreover, even if Brown had made his trial counsel aware of such knowledge, Ballard's vague recollection regarding Brown's desire to see an unnamed employee of the Family Dollar several months previously was unlikely to have changed the outcome of the case.[10] As a result, the trial court did not err in concluding that Brown failed to show that he had received ineffective assistance of counsel.[11]

4. Finally, relying on Uniform Superior Court Rule 33.6 (B), Brown alleges that the trial court erred in imposing an unjustifiably lengthy sentence merely because he chose to require the prosecution to prove his guilt at trial rather than to enter a plea of guilty. While Brown properly notes that the trial court sentenced him to the maximum term of 20 years in prison on the kidnapping count and on each of the aggravated assault counts,[12] the trial court also exercised its discretion to run all of the counts concurrently instead of consecutively. Moreover, Brown's claim that the trial court punished him for exercising his right to a jury trial is not supported by the transcript, which reveals that the sentence imposed by the trial court was based on Brown's lack of remorse. We therefore find no merit to this enumeration.[13]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED AUGUST 20, 2009.

*April L. Williams*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.

---

[9] See *Roland v. State*, 266 Ga. 545, 546 (2) (468 SE2d 378) (1996).
[10] *Hill v. State*, 272 Ga. 805, 806 (2) (537 SE2d 75) (2000).
[11] See *Roland*, supra.
[12] See OCGA §§ 16-5-21 (b); 16-5-40 (d) (1).
[13] *Jackson v. State*, 270 Ga. 436, 437 (3) (510 SE2d 815) (1999).