## A10A0476. LUY v. THE STATE.
(694 SE2d 370)

MILLER, Chief Judge.

A jury convicted Vinh Luy of striking a parked vehicle (OCGA § 40-6-271 (a)), driving under the influence ("DUI")-less safe (OCGA § 40-6-391 (a) (1)),[1] DUI-per se (OCGA § 40-6-391 (a) (5)),[2] and striking a fixed object (OCGA § 40-6-272). Luy appeals, contending that the trial court erred in denying her motion for a directed verdict as to each of the foregoing offenses. Luy also contends that the trial court erred in denying her motion in limine seeking to exclude certain field sobriety test results and a State-administered breath test. Luy supports her claims of error by citation of authority and reference to the record only with respect to her convictions of DUI-less safe and DUI-per se.[3] Finding that the trial court did not err in denying her motion for a directed verdict as to the DUI-less safe and DUI-per se offenses and waiver as to Luy's remaining claims of error (see Court of Appeals Rule 25 (c) (2)), we affirm.

Luy argues that the trial court's denial of her motion for a directed verdict of acquittal regarding the foregoing DUI charges was erroneous because there is no evidence that she drove the vehicle in question. We disagree.

> On appeal, the standard of review for denial of a motion for directed verdict is the same as that for determining the sufficiency of the evidence to support a conviction. The issue . . . is whether, based on the evidence presented, a rational finder of fact could have found the accused guilty of the charged offenses beyond a reasonable doubt. Leaving the resolution of conflicting or contradictory testimony and the credibility of the witnesses to the jury, we construe the evidence in favor of the jury's verdicts. In this regard, even though a witness may recant on the stand, his prior inconsistent statements constitute substantive evidence on which the jury may rely.

(Punctuation and footnotes omitted.) *Hash v. State*, 248 Ga. App. 456, 457 (1) (546 SE2d 833) (2001).

---

[1] An individual is guilty of DUI-less safe when she operates a motor vehicle while under the influence of alcohol to the extent that it is less safe for her to drive. Id.

[2] An individual is guilty of DUI-per se where, within three hours after driving a motor vehicle, tests show that her blood-alcohol concentration is 0.08 grams or more. Id.

[3] The trial court merged Luy's conviction of DUI-per se with her conviction of DUI-less safe and sentenced her to a $500 fine, 12 months confinement, to serve 120 days and the remainder probated, subject to certain conditions, including that she perform 80 hours of community service.

So viewed, the evidence shows that on the afternoon of October 6, 2008, a Clayton County police officer experienced in the administration of field sobriety tests, was called to the scene of an accident at a county residence in which a white Yukon had collided with a light pole next to the residence's driveway. Upon contacting Luy at the residence, Martin found her to be confrontational, noted the odor of alcohol on her breath and person, observed that she was unable to walk normally and that her eyes were reddened and glassy. Then questioned, Luy admitted that she had been drinking and that she was the driver of the Yukon. Thereafter, Luy submitted to three field sobriety tests, each of which she failed. Given the foregoing, Martin concluded that Luy was under the influence of alcohol to the extent that she was a less safe driver, placed her in custody for DUI, and read her the implied consent warning for persons 21 years of age and older. Luy consented to State-administered breath testing, the results of which showed her breath alcohol content to be 0.243 and 0.234, respectively.

Having reviewed the evidence in the light most favorable to the verdict, we conclude that there is sufficient evidence from which a rational trier of fact could have found Luy guilty beyond a reasonable doubt of DUI-less safe and DUI-per se. OCGA § 40-6-391 (a) (1); see *Goodson v. State*, 242 Ga. App. 167, 169 (3) (529 SE2d 175) (2000) (circumstantial evidence supported DUI-less safe conviction where defendant admitted driving and being in single-car accident, and was intoxicated when he encountered police) and OCGA § 40-6-391 (a) (5); *Wells v. State*, 297 Ga. App. 153, 156 (1) (a) (676 SE2d 821) (2009), respectively.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MARCH 25, 2010 —
RECONSIDERATION DENIED APRIL 9, 2010 — ▮▮▮▮▮▮▮

*Michael B. King*, for appellant.
*Tasha M. Mosley, Solicitor-General, Paula M. Mickens, Assistant Solicitor-General*, for appellee.