### A10A0895. RAYMOND v. THE STATE.
(702 SE2d 452)

MILLER, Chief Judge.

A jury acquitted Robens Raymond of kidnapping (OCGA § 16-5-40) and convicted him of false imprisonment (OCGA § 16-5-41) and battery (OCGA § 16-5-23) as a lesser included offense of the charged offense, sexual battery (OCGA § 16-6-22.1). Raymond appeals challenging the sufficiency of the evidence, the trial court's denial of his motion for directed verdict, and the effectiveness of trial counsel. Discerning no error, we affirm.

> On appeal, the standard of review for denial of a motion for directed verdict is the same as that for determining the sufficiency of the evidence to support a conviction. The issue is whether, based on the evidence presented, a rational finder of fact could have found the accused guilty of the charged offenses beyond a reasonable doubt. Leaving the resolution of conflicting or contradictory testimony and the credibility of the witnesses to the jury, we construe the evidence in favor of the jury's verdicts.

(Citation and punctuation omitted.) *Luy v. State*, 303 Ga. App. 613 (694 SE2d 370) (2010).

So viewed, the evidence shows that in the late evening of April 15, 2008, Reatta Slaughter and her friend, Audrey Grinion, met Raymond at a social gathering at an apartment complex at which Raymond offered Slaughter money for sex which she refused. At approximately 2:00 the following morning, Raymond offered to drive Slaughter and Grinion home. Both consented. Instead of taking her home after dropping Grinion off at her house, Raymond drove Slaughter back to the apartment complex where he parked in a back parking lot, prevented her from exiting the car by holding her with one arm, reached under her blouse, and grabbed for, but did not touch, her breast. Slaughter thereafter exited the vehicle and reported the incident to nearby police. A week later Raymond had his brother deliver $92 to Grinion's sister, which money Slaughter received. Beyond the foregoing, the State introduced evidence of a similar transaction against Raymond for the limited purpose of showing Raymond's bent of mind as to the charged offense. Such

transaction involved an offer of money for sex before and after the sexual assault occurred.

1. Raymond contends that the evidence is insufficient to support his convictions for false imprisonment and battery. We disagree.

(a) False Imprisonment. Slaughter testified that she tried to escape when Raymond returned to the apartment complex where they had been earlier, but that he grabbed her, forced his head down into her chest, stopping her from exiting the car, and then held her down with one arm as he attempted to fondle her breast with the other. Such evidence, standing alone, is sufficient to establish Raymond's guilt of false imprisonment within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). In combination with the other evidence in this case, as above, the evidence is overwhelming. See *Rehberger v. State*, 235 Ga. App. 827, 828 (1) (510 SE2d 594) (1998) (detaining someone against his or her will, even for a short time, is sufficient to support false imprisonment conviction).

(b) Battery. The testimony of a victim that the defendant grabbed her by the arm in the context of a sexual assault, as here, is sufficient to establish the offense of battery. OCGA § 24-4-8; *McGill v. State*, 123 Ga. App. 20, 23 (2) (179 SE2d 297) (1970).

2. Raymond claims that the trial court erred in denying his motion for a directed verdict as to kidnapping.[1] In support of this contention Raymond argues that the State failed to prove the asportation element of kidnapping as required under *Garza v. State*, 284 Ga. 696, 702-703 (1) (670 SE2d 73) (2008) (wherein the Supreme Court of Georgia adopted a four-factor test for application "in determining what movements are more than merely incidental to other criminal activity[,]" later superseded by statute (OCGA § 16-5-40 (b))). This enumeration of error provides no basis for review because Raymond was acquitted of the charged kidnapping offense. See *Brown v. State*, 299 Ga. App. 782, 783 (1) (683 SE2d 874) (2009).

3. Finally, Raymond claims that he received ineffective assistance of counsel, arguing that counsel failed to object to certain testimony of the investigating detective as to statements made to him during his investigation. Such statements, as made by witnesses who later confirmed the same upon testifying at trial, were cumulative and therefore harmless or otherwise admissible. Consequently, we find no ineffective assistance of counsel. See *Brumbelow v. State*, 289 Ga. App. 520, 523 (1) (b) (657 SE2d 603) (2008) (failure to object

---

[1] Raymond's motion for a directed verdict challenged the kidnapping and the sexual battery charges. On appeal, Raymond challenges only the denial of a directed verdict as to the kidnapping count of the indictment.

to evidence, even if inadmissible, is not ineffective assistance if cumulative of other evidence); see also *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004) (where appellant fails to meet his burden of proving either prong of the *Strickland* test,[2] the reviewing Court not obligated to review other prong).

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 13, 2010.

*Gina A. Smalley*, for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellee.

---

[2] To prevail on a claim of ineffective assistance, an appellant must show that trial counsel was deficient *and* that he was prejudiced by the deficiency. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).